UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 2:05-cr-56
    HON. R. ALLAN EDGAR

TREDIS LAZELL O'DANIELS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Tredis O'Daniels was indicted by a federal grand jury on six counts involving the distribution of cocaine, cocaine base and marijuana. Co-defendant Kentrell O'Daniels is Tredis O'Daniels' brother. Defendant Tredis O'Daniels moves to suppress the evidence seized from his home pursuant to a state search warrant. Defendant Kentrell O'Daniels moved to join in his co-defendant's motion. A hearing was held on February 28, 2006. At the hearing, defendant Kentrell O'Daniels withdrew his motion for joinder (docket #51). Oral argument was heard and Officer Darrell Harp testified during the hearing.

Defendant Tredis O'Daniels was initially arrested on state charges after a state magistrate authorized a search of O'Daniels' residence. The search warrant of O'Daniels' residence was sought after a confidential informant (CI), working with the Straits Area Narcotic Enforcement team (SANE), purchased cocaine base from Frank Cole on two occasions. In both instances Cole stated that he needed to go to his source to obtain the cocaine. Cole was observed in both instances going to defendant O'Daniels' home to obtain the cocaine used to complete the transaction with the CI.

Defendant argues that the search was improper because defendant was not the target of the investigation, the CI had no involvement with defendant, there were no witnesses of any transactions with defendant, Cole was not searched before he entered defendant's home, defendant's home was searched before Cole's home was searched, the search warrant affidavit does not state how the officer knew the CI, and the warrant failed to state the experience the officer had with the CI.

The Sixth Circuit in *United States v. Woosley*, 361 F.3d 924, 926-27 (6th Cir. 2004), set forth the standard used in evaluating whether probable cause existed to support the authorization of a search warrant:

> This court reviews the sufficiency of an affidavit to determine "whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir.1991) (quotation omitted). The affidavit should be reviewed in a commonsense - rather than a hypertechnical - manner, and the court should consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny. *United States v. Greene*, 250 F.3d 471, 479 (6th Cir.2001). The magistrate's determination of probable cause is afforded great deference, and that determination should be reversed only if the magistrate arbitrarily exercised his discretion. *Id.*
>
> In *United States v. Allen*, 211 F.3d 970 (2000) (*en banc*), which is relied on by both Woosley and the Government, we held that where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate may believe that evidence of a crime will be found. *Id.* at 976 (emphasis omitted). In concluding that independent police corroboration of the information provided was unnecessary in such cases, we emphasized that probable cause determinations must be based on the totality of the circumstances and cautioned against a continuing reliance on formalistic "tests" that required the satisfaction of particular elements to support a finding of probable cause. *Id.* at 975-76. Consequently, an affidavit including a tip from an informant that has been proven to be reliable may support a finding of probable cause in the absence of any corroboration. *See Id.* at 976; *United States v. Smith*, 182 F.3d 473, 478-79 (6th Cir.1999). Alternatively,

> an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information. *See Illinois v. Gates*, 462 U.S. 213, 241-45, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir.2000) ("[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information.").

A probable cause review of an affidavit supporting a search warrant is limited to the information presented in the four corners of the affidavit. *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006) (upholding a search warrant based upon an affidavit explaining that the CI had provided information that he made several purchases from a specified location, police officer observed CI make one controlled purchase from that location, and CI had provided information in the past which resulted in the recovery of narcotics).

A fair reading of the affidavit establishes that under the totality of the circumstances, probable cause existed to search defendant's home. Officer Darrell Harp stated in his affidavit that the CI was involved in two controlled purchases of cocaine from Frank Cole. The first purchase involved Officer Harp meeting the CI at a prearranged site. The CI and the CI's vehicle were searched for controlled substances and money. Nothing was found. Officer Harp and SANE team members observed the CI meet Frank Cole. Officer Harp, through a transmitter, heard Frank Cole state that he needed to obtain the cocaine from his source. The CI then drove Frank Cole to 634 West 25th Avenue in Sault Ste. Marie, Michigan. The CI observed Frank Cole enter the residence. The SANE team had constant surveillance of the CI. The CI pulled into a store parking lot. Frank Cole was observed walking from the residence that he had entered. Frank Cole entered the CI's vehicle and was driven back to where he originally had met the CI. The CI gave the cocaine that he had purchased from Frank Cole to Officer Harp. Further, the CI told officer Harp that "Terrell" lived

at the residence that Frank Cole had entered and that the CI had purchased cocaine from "Terrell" in the past. Frank Cole also told the CI that Cole had purchased a quarter pound of marijuana.

The second controlled purchase of cocaine from Frank Cole involved Officer Harp meeting the CI at a prearranged site to search the CI and the CI's vehicle. No controlled substances were found. The CI was under surveillance when the CI met with Frank Cole. The CI and Frank Cole then drove to 634 West 25th Avenue, Sault Ste. Marie, Michigan. Officer Harp observed Frank Cole leave the vehicle and enter the residence. A SANE officer then observed Frank Cole exit the residence a short time later. The CI was under constant surveillance. The CI picked up Frank Cole at the driveway of the residence. The CI returned to the prearranged meet site and provided cocaine to Officer Harp.

Contrary to defendant's argument, this was not a case of a CI coming to a police officer with information. The police officer set up two controlled buys between the CI and the suspect Cole. Police officers observed the transactions. Cole indicated during both transactions that he needed to go to his source to get the cocaine. The police officers heard Cole make a statement that he needed to go to his source to obtain the cocaine. Cole was observed going to defendant's residence. After visiting defendant's residence, Cole delivered the cocaine to the CI. The fact that SANE officers observed Cole enter defendant's residence and then deliver cocaine to the CI after exiting the residence was sufficient to establish probable case to support a search warrant of the residence. Officer Harp's personal observation of the controlled purchase, including his pat down of the CI and search of the CI's vehicle before and after the narcotics purchase, and the field tests which were positive for cocaine provide sufficient corroboration of the CI's involvement in the purchase of narcotics.

Accordingly, it is recommended that defendant Tredis O'Daniels' motion to suppress evidence (docket #40) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2006